```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:22-00014

**DANNY GRIFFY**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On April 3, 2025, the United States of America appeared by Amy L. McLaughlin, Assistant United States Attorney, and the defendant, Danny Griffy, appeared in person and by his counsel, Paul E. Stroebel, for a hearing on the petition and amendment seeking revocation of supervised release submitted by Senior United States Probation Officer Steven M. Phillips. The defendant commenced a 3-year term of supervised release in this action on June 16, 2023, as more fully set forth in the Judgment in a Criminal Case entered by the court on September 16, 2022.

The court heard the admissions of the defendant, and the representations and arguments of counsel. The court notes that the government withdrew a portion of violation 2 that

occurred on April 7, 2024, and violation number 6 set forth in the original petition filed on April 15, 2024.

Pursuant to the court's findings of fact and conclusions of law as enumerated in open court on the record of this proceeding, which are ORDERED incorporated herein by reference, the court finds by a preponderance of the evidence that the defendant has violated the conditions of his supervised release as follows: (1) on April 1, 2024, the defendant violated state law when he stole a suitcase, including contents valued by the victim as being $4,890, from the back of a parked vehicle at the Holiday Inn in South Charleston, West Virginia, for which the defendant pled guilty to petit larceny in the Magistrate Court of Kanawha County, West Virginia; (2) on December 13, 2023, the defendant signed a voluntary admissions form wherein he admitted to the use of methamphetamine within the previous five days; (3) on December 22, 2023, the defendant admitted to the probation officer that he smoked methamphetamine on a weekly basis since late November 2023, and the defendant admitted he last used methamphetamine on or about December 20, 2023; (4) on January 9, 2024, the defendant provided a urine specimen that tested positive for marijuana, heroin and methamphetamine, and he admitted to the probation officer he smoked marijuana laced

2

with heroin on January 7, 2024, and he further admitted to his ongoing use of methamphetamine approximately two to three times per week; (5) on December 22, 2023, the defendant was instructed by his Probation Officer to call the probation office every Monday between 9:00 a.m. and 11:00 a.m., and the defendant failed to contact the probation officer on any Monday as directed; (6) on December 22, 2023, the defendant was instructed by his Probation Officer to begin participating in the urine screen hotline program at a local treatment provider, and the defendant failed to appear as directed on January 5, 9, 23 and 26, on February 2, 5, 13, 16, on March 8, 11, 25, 28 and on April 2, 2024; (7) on December 22, 2023, the defendant was instructed by his Probation Officer to participate in weekly telehealth individual outpatient substance abuse counseling at a local treatment provider with an initial appointment scheduled for January 15, 2024, and the defendant failed to participate in the January 15, 2024, telehealth counseling session and has not scheduled or participated in any subsequent outpatient substance abuse treatment; and (8) on June 20, 2023, the defendant was directed to make mandatory monthly restitution payments in the amount to $100 on the first day of each month, and he failed to make mandatory monthly restitution payments in September, October, November, and December 2023, January, February, and

3

March 2024; all as admitted by the defendant, and all as set forth in the petition on supervised release, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations found as set forth above warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TWELVE (12) MONTHS and ONE (1) DAY coupled with TWO (2) YEARS of supervised release upon the mandatory terms and conditions, the terms and conditions set forth on Administrative Office form 245B, attached hereto as Exhibit A, on the terms and conditions

as set forth in the court's Local Rules of Criminal Procedure 32.3, attached hereto as Exhibit B, and the special conditions, originally set forth in the Judgment in a Criminal Case entered on September 16, 2022 in this criminal action, and attached hereto as Exhibit C, with special condition number 7 changed as set forth in Exhibit C to reflect the new restitution balance.

The court finds that restitution, which is joint and several with Bradley Campbell, who has been making payments, now has a balance of $2,895.64, and it is ORDERED that restitution in the amount of $2,895.64 is hereby reimposed jointly and severally with Bradley Campbell, due and payable in full immediately and as set forth in the Judgment in Criminal Case.

The court finds the sentence is sufficient but not greater than necessary to meet the goals of sentencing.

The defendant was remanded to the custody of the United States Marshal.

**The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.**

DATED:  April 9, 2025

_____
John T. Copenhaver, Jr.
Senior United States District Judge

## AO 245B STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you

must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

LOCAL RULES OF CRIMINAL PROCEDURE FOR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

LR Cr P 32.3. Standard Conditions of Probation and Supervised Release in all Criminal Cases

In addition to the Standard Conditions of Supervised Release and Probation promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the following six conditions are forthwith adopted as standard conditions of probation and supervised release for all defendants sentenced in criminal cases in the District.

(1) If the offender is unemployed, the probation officer may direct the offender to register and remain active with Workforce West Virginia.

(2) Offenders shall submit to random urinalysis or any drug screening method whenever the same is deemed appropriate by the probation officer and shall participate in a substance abuse program as directed by the probation officer. Offenders shall not use any method or device to evade a drug screen.

(3) As directed by the probation officer, the defendant will make co-payments for drug testing and drug treatment services at rates determined by the probation officer in accordance with a court-approved schedule based on ability to pay and availability of third-party payments.

(4) A term of community service is imposed on every offender on supervised release or probation. Fifty hours of community service is imposed on every offender for each year the offender is on supervised release or probation. The obligation for community service is waived if the offender remains fully employed or actively seeks such employment throughout the year.

(5) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers), and shall reside in a residence free from such items.

(6) The defendant shall not purchase, possess, or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids, or other designer stimulants.

## SPECIAL CONDITIONS OF SUPERVISION

1. You must not use or possess alcohol.

2. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

3. You must not incur new credit charges or open additional lines of credit without the approval of the probation officer.

4. You shall apply all monies received from income tax refunds, lottery winnings, judgments, and any other anticipated or unanticipated financial gains to any outstanding Court imposed monetary obligations.

5. The defendant shall cooperate with the IRS with regard to any civil audit of his/her personal and business taxes and shall file all tax returns and amended tax returns as required.

6. You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution.

7. You shall pay restitution, jointly and severally, with Bradley Campbell, in the amount of $2,895.64, with interest as allowed by law, to the fullest extent financially feasible as set forth on page 8 of the Judgment Order. Payments shall be paid to the Clerk of the Court at the following address: United States District Clerk's Office, Robert C. Byrd Federal Building, United States Courthouse, 300 Virginia Street East, Charleston, West Virginia, 25301.

Exhibit C

P a g e 1 | 1